IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:11-cr-00261-GEB |
| Plaintiff, | |
| v. | ORDER[*] |
| JAYMAR DWAYNE JAMERSON, | |
| Defendant. | |

Pending are motions in limine filed by each party. (ECF Nos. 27, 32.) Defendant's first, second, and third motions in limine are DENIED as moot since the Government has agreed it will not introduce the evidence to which Defendant has objected.

Defendant and the Government cross-move on whether the Government should be precluded from introducing expert testimony concerning the weight and composition of the substances found in connection with the alleged violations. However, neither side has shown that the issues are crystallized for a ruling in limine. Therefore, these portions of the motions are DENIED.

Further, Defendant, for the first time in his reply brief, requests a *Daubert* hearing concerning the above-referenced expert

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

testimony. It is unclear at this stage in the proceedings whether a hearing is required since the Government has not clearly shown the manner in which it intends to introduce these opinions. Therefore, this request is DENIED.

Defendant and the Government also cross-move on the issue of whether the Government can introduce "evidence of the defendant's unexplained income and wealth[.]" (Govt. Opp'n 19:10-12.) Defendant argues the evidence "is prejudicial, because it interferes with [Defendant's] right to remain silent because it forces him to explain his finances." (Reply 3:24-25.) However, evidence that shows the likelihood that a defendant received funds from drug trafficking is relevant and admissible in a drug trafficking case. United States v. Jabara, 618 F.2d 1319, 1329 (9th Cir. 1980) (holding the trial court properly admitted evidence "that Jabara's unexplained wealth came from the narcotics conspiracy, which is relevant in a narcotics conspiracy case."), *overruled on other grounds*, United States v. De Bright, 730 F.2d 1255 (9th Cir. 1984). Therefore, the Government's motion is GRANTED and Defendant's motion is DENIED.

Defendant and the Government also cross-move on whether what the government designates as expert witness testimony is admissible on certain issues. The government moves for admission of this evidence; whereas Defendant moves in his sixth in limine motion to exclude the evidence, arguing it is not relevant to this case and constitutes inadmissible hearsay. However, neither side has shown that the issues are crystallized for a ruling in limine. Therefore, these portions of the motions are DENIED.

Defendant's seventh motion in limine seeks "to exclude evidence of prior convictions to impeach [under] Rule 609," arguing "the

2

1  impeachment value of the prior crimes [is] negligible. [Defendant] has
2  previously been convicted of felony drug crimes committed more than 17
3  years before these allegations, and they bear no relevance to truth
4  telling." (Def.'s Mot. 9:20, 10:1-4.)

5  The Government rejoins, contending "[a]t this time, the United
6  States is only aware of the convictions for drug transportation and
7  involvement in a drug transaction with a minor that qualify for
8  impeachment under Rule 609." (Govt.'s Opp'n 21:26-22:1.) Further, the
9  Government argues "[i]n the event the defendant testifies, the United
10 States will make a proper showing at trial under Rule 609(b) to present
11 evidence of this type on cross-examination." Id. 22:1-4.

12 Under Rule 609(b), a conviction is "admissible if the court
13 determines 'that the probative value of the conviction supported by
14 specific facts and circumstances substantially outweighs its prejudicial
15 effect.'" Simpson v. Thomas, 528 F.3d 685, 690 (9th Cir. 2008) (quoting
16 Rule 609(b)(1)). Based upon the motion record, the Government has not
17 supported its argument that the convictions should be admissible with
18 any specific facts and circumstances; nor has the Government shown why
19 it should be allowed to wait until trial to present the requisite
20 evidence. Therefore, Defendant's seventh motion in limine is GRANTED.

21 The Government seeks to preclude Defendant, his attorney, and
22 witnesses "from mentioning the possible punishment [Defendant] will face
23 if convicted of the criminal charges in this case." (Govt.'s Mot. 3:13-
24 16.) This portion of the motion is GRANTED.

25 Dated:  May 31, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

3